## Urbonuite's Adoption.

*Parent and child—Adoption—Names of parties.*
1. A petition for adoption will be dismissed where it is impossible to determine from the petition the exact name of the petitioner or the child; where the wife of the petitioner does not appear as one of the adopting parents, no reason being given for her refusal, and she does not appear in court; and the consent of the mother of the child is not attested.
2. In such case, the consent of the non-resident mother is not properly shown by her mere signature to the petition.
3. It seems that it would be a proper rule that where husband and wife are living together, both should become the adopting parents, unless good reason is given for confining the order of adoption to one of them.

Petition for adoption.   O. C. Schuylkill Co.

WILHELM, P. J., Oct. 11, 1926.—William Mockieviz or Mockewicze presented his petition, praying that he may be permitted to adopt Lilia Urbonuite or Urbonute, a minor child of Amelia Urbonuite or Urbonuto. It will be noted that the spelling of the names of the petitioner and of the mother of the child are not uniform in the petition and in the signatures, therefore, it is impossible to determine the exact name of the petitioner or the name of the child proposed to be adopted, and this may become a matter of serious import to either or both of the parties in the years to come, not only as to questions of inheritance but in other ways.

The petitioner here is married and living with his wife, and yet she does not consent to becoming one of the adopting parents of the infant. Her consent that her husband shall adopt the infant is attached to the petition, but no reason is given for her refusal to become one of the adopting parents. She was not present at the hearing, and it cannot be ascertained from anything on this record that she stands ready to perform the duties of a mother toward the infant, or that the bringing of this child into this family may not be an element of discord and thereby the best interests of the child not be promoted.

It seems that it would be a proper rule that where husband and wife are living together, both should become the adopting parents, unless good reason is given for confining the order of adoption to one of them.

In this case the consent of the wife is not signed in her handwriting, but she appears to have signed by mark, and her mark has not been witnessed. She was not present in court, and the act requires that all persons whose consent is necessary must appear in person and be examined under oath.

It also appears that the mother of this infant, who lives in Baltimore, Maryland, in giving her consent, merely signed the petition, stating that she consents to the adoption of the infant, and that by signing the same she surrenders all her rights as parent.

The court may dispense with the appearance of a mother or other person whose consent is necessary, if such person resides without the jurisdiction of

the court, provided the duly executed consent of such person, in writing, has been filed with the petition. A duly executed consent, under circumstances such as these, should be a consent acknowledged before a proper officer and not the mere signature of the person unattested and without witness.

The defects in the papers as to the names of the parties, the consent of the wife of the petitioner to become an adopting parent not appearing on the record, and her assent that her husband become the adopting parent being defective for lack of formality, and the non-attested signature of the mother of the infant being the only evidence of her assent, are all matters of such vital importance as to preclude the making of an order of adoption.

The prayer of the petition is not granted and the petition is dismissed without prejudice.

From M. M. Burke, Shenandoah, Pa.